# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. TATE,<br><br>    Plaintiff,<br><br> v.<br><br>FRESNO COUNTY JAIL, et al.,<br><br>    Defendants.<br>_____/ | CASE NO.   1:10-cv-01114-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

### SCREENING ORDER

**I. PROCEDURAL HISTORY**

On June 21, 2010, Plaintiff Ronald E. Tate, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint is now before the Court for screening.

**II. SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III.  SUMMARY OF COMPLAINT

The Complaint identifies the Fresno County Jail and its Medical Staff as the Defendants in this action. Plaintiff alleges the following:

On approximately June 1, 2010, Plaintiff attempted to enter the middle bunk in his cell at Fresno County Jail. (Compl. at 4.) Plaintiff lost his footing and fell backwards "hitting [his] neck and back on the steel table before [he] landed on the concrete floor." (Id. at 5.) Plaintiff called for help, and correctional officers summoned medical staff. (Id. at 4.) A female medical technician responded with a wheelchair. (Id. at 5, 7.) Plaintiff explained what happened and told the technician about a recent injury Plaintiff sustained in a car accident. The technician gave Plaintiff "the third degree," asked him to remove his shirt,

and examined his body. She found no visible signs of injury. (Id. at 5.)

Plaintiff also stated that he was in pain and could not stand on his own. At times Plaintiff struggled to effectively communicate because he is bipolar. (Id. at 7.) Plaintiff was wheeled into the infirmary "where [he] was then questioned again." (Id. at 9.) The medical technician expressed her belief that Plaintiff was fabricating or exaggerating his injury in order to see a doctor. The technician examined Plaintiff again after Plaintiff removed his shirt and jumpsuit, and determined that Plaintiff had no visible injury from the fall. (Id.) Plaintiff was given an ice pack, but was not referred to a doctor. Plaintiff was transferred to Wasco State Prison (Wasco) shortly thereafter. (Id. at 10.)

Plaintiff informed a doctor at Wasco that he had been experiencing severe neck and back pain, dizziness, and black out spells since the fall. (Id. at 11.) The doctor examined Plaintiff and sent Plaintiff to a local hospital for further testing. An MRI, cat scan, and x-rays reportedly revealed no fractures. (Id. at 12.) The attending physician surmised that Plaintiff's pain could come from nerve damage. He recommended that Plaintiff seek out a nerve specialist upon his release. (Id. at 13.)

On June 16, 2010, Plaintiff was again seen by a doctor. The doctor "was concerned about [Plaintiff's] seizure disorder which Fresno should have been treating me for . . . ." Plaintiff was given a prescription for his seizures (id. at 14) and pain medication for residual pain from the fall (id. at 15).

Given Plaintiff's ongoing symptoms and the fact doctors have found his condition cause for extensive testing and pain medication, Plaintiff alleges his initial injury should have been treated by someone more skilled than a medical technician. (Id. at 9.)

///

## IV. ANALYSIS

### A. Applicable Law

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

Plaintiff alleges that the Fresno County Jail and its Medical Staff provided constitutionally deficient medical care.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical

4

need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical

authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

**B.     Serious Medical Need**

Plaintiff alleges that he was injured in a fall in his cell. Physicians have found his symptoms worthy of testing and pain medication. Plaintiff claims continued chronic neck and back pain. Such allegations are sufficient to allege a serious medical need in satisfaction of the first element of an Eighth Amendment claim. See Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

**C.     Deliberate Indifference**

However, as discussed below, Plaintiff's allegations do not satisfy the second element of his claim against either the jail or its staff.

1.     Fresno County Jail

The Complaint identifies Fresno County Jail, a municipal entity, as a Defendant. A

local government is liable under § 1983 only if a constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [entity's] officers." Edgerly v. City & Cnty. of S.F., 599 F.3d 946, 960 (9th Cir. 2010) (quoting Monell v. Department of Social Services, 436 U.S. 658, 690 (1978)). A local government entity will be liable "only where the entity's policies evince a 'deliberate indifference' to the constitutional right and are the 'moving force behind the constitutional violation.'" Id. (quoting Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008)). A policy can be an official policy or one made "by those whose edicts or acts may fairly be said to represent official policy." Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (quoting Monell, 436 U.S. at 694). It can also be a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." Gillette v. Delmore, 979 F.2d 1342, 1348–49 (9th Cir. 1992) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

Thus, to prevail on a § 1983 claim against a municipal defendant, a plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). A municipal policy is the "moving force" behind a constitutional violation if it is the proximate cause of the constitutional injury. Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

Plaintiff has failed to adequately allege municipal liability. The Complaint is devoid of any factual allegation of a specific policy, widespread practice, or ratified conduct that

7

was the moving force behind the alleged violation. The Court will grant Plaintiff an opportunity to amend. In order to state a claim against the municipal Defendant, Plaintiff must allege truthful facts identifying specific policies and practices of the Fresno County Jail and demonstrate how those polices and practices were the moving force behind the alleged Eighth Amendment violation.

### 2. Fresno County Jail Medical Staff

Plaintiff alleges broadly that the medical staff at the county jail violated his Eighth Amendment right to adequate medical care. He then makes various complaints about the quality of care provided by one medical technician and no others. The technician is alleged to have physically examined Plaintiff twice, asked him numerous questions regarding his injury, and provided him with a wheel chair and an ice pack, but did not refer Plaintiff to a doctor. Plaintiff points to subsequent treatment provided by doctors at Wasco and an outside hospital as evidence that the technician made an error.

Plaintiff has failed to allege deliberate indifference on the part of the medical technician. There are no factual allegations to support the claim that the technician "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837. The technician provided a thorough examination and discovered nothing to indicate that Plaintiff required a doctor. The fact that Plaintiff disagrees with the technician's diagnosis does not support a claim. Sanchez, 891 F.2d at 242. Indeed, even after an MRI, cat scan, and x-rays, a doctor found no evidence of an injury; he could only suggest the possible existence of nerve damage. Moreover, even if the technician incorrectly and negligently examined and diagnosed Plaintiff, mere negligence, i.e., medical malpractice, does not state a claim. Estelle, 429 U.S. at 106.

8

Plaintiff's claim against the medical staff is dismissed with leave to amend. If Plaintiff chooses to amend, he must allege truthful facts, not just a belief on Plaintiff's part, which would enable the Court to conclude that the technician or some other medical staff member acted in conscious disregard of an excessive risk to Plaintiff's serious medical need. Plaintiff must realize that the law does not allow him to pursue a claim of medical mistreatment under the Eighth Amendment without showing deliberate indifference on the part of the Defendants. Plaintiff's claim that medical personnel acted negligently, even if true, is not enough to allow the case to proceed.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an

amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.  The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed June 21, 2010;

2.  Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.  Plaintiff shall file an amended complaint within thirty (30) days; and

4.  If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated: March 26, 2012         /s/ *Michael J. Seng*
                              UNITED STATES MAGISTRATE JUDGE