UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD E. TATE, | CASE NO. 1:10-CV-01114-MJS (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE BY MAY 23, 2012 WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND FAILURE TO STATE A CLAIM |
| v. | |
| FRESNO COUNTY JAIL, et al., | |
| Defendants. | (ECF No. 8) |
| _____ / | |

Plaintiff Ronald E. Tate is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction. (Consent, ECF No. 5.)

On March 27, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim, but gave Plaintiff an opportunity to file an amended complaint on or before April 30, 2012. (Order Dismiss. Compl., ECF No. 8.)[1] April 30, 2012 has passed without

---

[1] Service by mail was returned to the Court as "undeliverable, paroled", on April 3, 2012.

Plaintiff having filed an amended complaint or a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's March 27, 2012 Order. The Court will give him until May 23, 2012, to show cause why his case should not be dismissed for failure to comply with the Court's Order and failure to state a claim. **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   May 11, 2012             /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE